**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

KELLY D.,

                     Plaintiff,

        v.                                           5:18-CV-1190
                                                                  (DJS)

ANDREW M. SAUL,[1]
*Comm'r of Soc. Sec.*,

                     Defendant.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| OLINSKY LAW GROUP<br>Counsel for Plaintiff<br>250 South Clinton Street<br>Suite 210<br>Syracuse, NY 13202 | HOWARD D. OLINSKY, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REGIONAL GENERAL COUNSEL<br>REGION II<br>Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | JOSHUA L. KERSHNER, ESQ. |

**DANIEL J. STEWART
United States Magistrate Judge**

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. The Clerk of Court is respectfully directed to amend the caption.

## DECISION and ORDER[2]

Currently before the Court, in this Social Security action filed by Kelly D. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g) are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 9 & 14. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion for Judgment on the Pleadings is granted. The Commissioner's decision denying Plaintiff disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on November 18, 1977, making her 35 years old at the alleged onset date ("AOD") and 39 at the date of the ALJ's decision. Dkt. No. 8, Admin. Tr. ("Tr."), p. 272. Plaintiff reported obtaining a GED. Tr. at p. 264. Plaintiff has past work as an assistant manager, a front desk clerk, and as a sales associate. *Id.* Plaintiff alleged disability due to degenerative disc disease, fibromyalgia, depression, back injury, and chronic back pain. Tr. at p. 263.

### B. Procedural History

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on April 14, 2015. Tr. at pp. 230-244. Her application was denied. Tr. at pp.

---
[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 6 & General Order 18.

115-130. Plaintiff requested a hearing, and a hearing was held on April 3, 2017 before Administrative Law Judge ("ALJ") Shawn Bozarth at which Plaintiff was accompanied by a representative. Tr. at pp. 31-69. Plaintiff and a vocational expert ("VE") testified. *Id.* The ALJ issued a decision finding Plaintiff not disabled on May 2, 2017. Tr. at pp. 13-30. Plaintiff requested review of the ALJ's determination, and the Appeals Council denied the request for review on August 2, 2018. Tr. at pp. 1-5. Plaintiff filed her Complaint in this action on October 3, 2018. Dkt. No. 1.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following seven findings of fact and conclusions of law. First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2014. Tr. at p. 18. Second, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date of September 29, 2013. *Id.* Third, the ALJ found that Plaintiff's only severe impairment was lumbar degenerative disc disease. *Id.* Fourth, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 21. Fifth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work except

> she can only occasionally balance, crouch, crawl, stoop, bend, kneel, and climb stairs. She can also occasionally climb ladders, ropes, or scaffolds. Mentally, the claimant is limited to performing simple, routine and repetitive tasks, and should have only occasional contact with supervisors, co-workers, and the general public. She also requires a low stress job, which is defined as involving only occasional decision-making, occasional use of judgment, and occasional changes in the work setting.

- 3 -

*Id.* Sixth, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. at p. 24. The ALJ found that Plaintiff was born on November 18, 1977 and was 35 years old, which is defined as a younger individual age 18-44 on the alleged disability onset date, and that she has at least the equivalent of a high school education and is able to communicate in English. *Id.* The ALJ found that transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding Plaintiff is "not disabled," whether or not she has transferrable job skills. Tr. at p. 25. The ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* Seventh, and last, the ALJ concluded that Plaintiff has not been under a disability from September 29, 2013, through the date of his decision. Tr. at p. 26.

### D. The Parties' Briefings on Their Cross-Motions

In her Motion for Judgment on the Pleadings, Plaintiff makes two arguments. Dkt. No. 9, Pl.'s Mem. of Law, *generally*. Plaintiff first contends that the RFC is not supported by substantial evidence because of the ALJ's treatment of Dr. Ganesh's opinion. *Id.* at pp. 12-15. Plaintiff contends that the ALJ erred by (1) giving Dr. Ganesh's opinion considerable weight, but failing to account for the limitations contained in her opinion, and (2) relying on Dr. Ganesh's opinion, which was vague, due to its use of the term "mild" in assessing Plaintiff's limitations. *Id.* Second, Plaintiff contends that the ALJ improperly concluded that Plaintiff could perform work as a document preparer, and that the ALJ's Step Five determination was in error. *Id.* at pp. 15-18. Plaintiff contends that

she cannot perform this work, because it is classified as a Reasoning Level Three job, which is inconsistent with the RFC's limitation to simple work. *Id.* Plaintiff contends that without the document preparer job, the jobs identified by the VE do not constitute significant numbers in the national economy. *Id.*

In response, Defendant contends that the ALJ properly incorporated Dr. Ganesh's opinion into the RFC. Dkt. No. 14, Def.'s Mem. of Law, pp. 5-10. Defendant argues that the limitations to which Plaintiff points are not part of Dr. Ganesh's opinion, but are simply findings from her examination of Plaintiff, and in any event the RFC includes limitations that reflect the examination findings. *Id.* at pp. 7-8. Defendant also contends that even if Dr. Ganesh's opinion is impermissibly vague, the RFC determination incorporated other evidence in addition to the opinion, and is supported by substantial evidence. *Id.* at pp. 9-10. As for Plaintiff's Step Five argument, Defendant contends that limitations to simple work are not inconsistent with Reasoning Level Three, particularly in light of Plaintiff's educational background, and that the ALJ was entitled to rely on the opinion of the VE in any event. *Id.* at pp. 10-16. Defendant also argues that, even if the Court were to find that Plaintiff could not perform the work of Document Preparer, Microfilming, there would still be significant numbers of jobs in the national economy that Plaintiff could perform. *Id.* at pp. 16-17.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health &*

*Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford

the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520 & 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

### A. Whether the RFC is Supported by Substantial Evidence

Plaintiff contends that the RFC is not supported by substantial evidence because of the ALJ's treatment of Dr. Ganesh's opinion. Initially, Plaintiff contends that the ALJ gave considerable weight to Dr. Ganesh's opinion, but did not account for certain findings of Dr. Ganesh. *Id.* at pp. 12-13. In particular, Plaintiff contends that Dr. Ganesh found that Plaintiff was unable to walk heels and toes, could not squat, needed help getting on and off the examination table, and had reduced range of motion in her lumbar spine, hips, and knees, and the ALJ failed to accommodate for those limitations in Plaintiff's RFC. *Id.*

Dr. Ganesh's functional assessment of Plaintiff is contained within the "medical source statement" portion of his examination document. Tr. at p. 561. That section provides: "No gross difficulties noted sitting, standing, walking. Mild limitation lifting, carrying, pushing, and pulling." *Id.* The other findings to which Plaintiff refers are included under "general appearance, gait, station," and "musculoskeletal." Tr. at pp. 560-61. There is no reason that the ALJ would have been required to incorporate the latter findings into the RFC. These are findings from Dr. Ganesh's examination of Plaintiff; they are not her functional assessment of her. As such, to the extent Plaintiff contends that the ALJ was required to explicitly evaluate those findings and explain why they are not incorporated in his RFC, that argument is meritless. *See Corbiere v. Comm'r of Soc.*

*Sec.*, 2017 WL 8895353, at *4 (N.D.N.Y. Nov. 29, 2017), *report and recommendation adopted*, 2018 WL 704396 (N.D.N.Y. Feb. 5, 2018), *aff'd sub nom. Corbiere v. Berryhill*, 760 Fed. Appx. 54 (2d Cir. 2019) (describing that "medical source observations, diagnosis, or test results, [ ] are not medical opinion subject to 20 C.F.R. § 404.1527" and nor are "findings"). Indeed, "objective evidence does not constitute opinion evidence without a statement from a physician tying that objective evidence to specific functional limitations. To find otherwise would defy logic in that it would suggest that every piece of medical evidence in the record (including test results and treatment notes) constitutes a medical opinion subject to 20 C.F.R. § 404.1527 analysis." *Corbiere v. Comm'r of Soc. Sec.*, 2018 WL 704396, at *2. There was, therefore, no error in the ALJ's failure to account for each of these findings in the RFC.

Plaintiff also contends that Dr. Ganesh's opinion is impermissibly vague. Pl.'s Mem. of Law at pp. 13-15. Plaintiff contends that Dr. Ganesh's opinion that Plaintiff has "[m]ild limitation lifting, carrying, pushing, and pulling" does not provide substantial evidence for the RFC determination, because it does not provide enough information to support the assessed limitations. *Id.* While the term "mild" can be too vague in certain situations, "when there is other medical evidence in addition to an RFC evaluation using terms such as 'mild' and 'moderate,' such terms may properly be used in the RFC analysis." *Silsbee v. Colvin*, 2015 WL 4508599, at *14 (N.D.N.Y. July 23, 2015); *see also Michael C. v. Berryhill*, 2019 WL 1228553, at *6 (N.D.N.Y. Mar. 15, 2019). Here, the ALJ explained that he gave the assessment considerable weight because it was consistent with Dr. Ganesh's clinical findings, as well as with other objective medical

evidence of record. As for Dr. Ganesh's findings, the ALJ described that

> Dr. Kalyani Ganesh consultatively examined the claimant in May 2015 and observed she was in no acute distress (B5F). She could not walk on her heels and toes or squat, and her boyfriend helped her get on and off the exam table. However, her gait and stance were normal and she used no assistive device. She also needed no help changing for the exam and had no difficulty rising from a chair. The claimant had restricted range of motion in her lumbar spine, but straight leg raising was bilaterally negative. She also exhibited some restricted motion in her hips and knees, but all of her joints were stable and nontender, with no redness, heat, swelling, or effusion. The claimant demonstrated full range of motion in her cervical spine, shoulders, elbows, forearms, wrists and ankles. No positive tender points or control points were detected. There was also no evidence of muscle atrophy or sensory deficits. Deep tendon reflexes were absent in the claimant's upper and lower extremities. However, her strength was 5/5, and pulses were physiologic and equal in all four extremities. She also had 5/5 grip strength bilaterally, with intact hand and finger dexterity. Dr. Ganesh concluded that the claimant had no gross limitations for sitting, standing, or walking, and only "mild" limitations for lifting, carrying, pushing, and pulling.

Tr. at pp. 22-23. The ALJ also described the consistency of Dr. Ganesh's findings with the other objective evidence in the record. He described:

> An MRI of the claimant's lumbar spine from November 2011 was negative except for a "mild" disc bulge and "mild" facet arthritis at L5-S1 (B2F/1). Images of the claimant's thoracic spine and right hip have also been negative (B3F). Electrodiagnostic studies of the claimant's lower extremities from 2010 yielded no evidence of lumbar radiculopathy, mononeuropathy, or peripheral neuropathy (B3F/167). An MRI of the claimant's lumbar spine from October 2012 revealed only "minor degenerative changes" (B3F/96). There was "no impingement on the thecal sac and no evidence of discopathy affecting the neural elements within the spinal canal or the neural foramina." Electrodiagnostic studies of the claimant's right lower extremity from May 2013 again provided no evidence of lumbar motor radiculopathy, entrapment mononeuropathy, or generalized peripheral neuropathy (B3F/77). An updated MRI of the claimant's lumbar spine from March 2017 revealed a "very small" central herniated disc at L5-S1, without nerve root impingement (B11F/24). There is an MRI of the claimant's cervical spine that shows disc herniations at C5-7 and bulging at C3-4, causing only "mild" spinal and neural foraminal

- 10 -

stenosis (B11F/3). There is also an electrodiagnostic study of the claimant's right upper extremity from March 2017, which was normal (B12F). There was no evidence of cervical radiculopathy, or of focal median or ulnar neuropathy at the wrist or elbow.

Tr. at p. 23. Here, there was medical evidence included in addition to the functional assessment, which the ALJ explicitly relied upon in making his RFC assessment. *Id.* Therefore, Dr. Ganesh's opinion that Plaintiff's had "mild" limitations for lifting, carrying, pushing, and pulling provides substantial evidence for the ALJ's finding that Plaintiff could perform sedentary work with certain limitations.

Plaintiff also specifically argues that there is not support for the ALJ's finding that Plaintiff can perform sedentary work, to the extent that it requires Plaintiff to lift up to ten pounds. Pl.'s Mem. of Law at pp. 14-15. Dr. Ganesh opined that Plaintiff had mild limitations to lifting. Courts have found mild limitations to be consistent with performing sedentary work; indeed, they have found greater limitations to lifting consistent with performing work requiring heavier lifting. *See Vargas v. Astrue*, 2011 WL 2946371, at *12 (S.D.N.Y. July 20, 2011) (finding moderate limitations on lifting consistent with conclusion that plaintiff could perform light work); *Scouten v. Colvin*, 2016 WL 2640350, at *4 (W.D.N.Y. May 10, 2016) (same). This argument is unavailing.

**B. Whether Jobs Exist in Significant Numbers that Plaintiff can Perform**

Plaintiff contends that the ALJ improperly concluded that Plaintiff could perform work as a document preparer, and that the ALJ's Step Five determination was in error. *Id.* at pp. 15-18. Plaintiff contends that she cannot perform this work, because it is classified as a Reasoning Level Three job, which is inconsistent with the RFC's limitation

- 11 -

to simple work. *Id.* Plaintiff contends that without the document preparer job, the jobs identified that she can perform do not constitute significant numbers in the national economy. *Id.*

The RFC provides that Plaintiff is limited to performing simple, routine and repetitive tasks. Tr. at p. 21. The ALJ found that Plaintiff did not have any severe mental impairments because her mental status examinations were largely benign, but "viewing the evidence in a light most favorable to the claimant, including her reported pain and medication side effects," limited her to simple, low-stress work. Tr. at p. 24; *see also* Tr. at pp. 19-21 (ALJ's analysis of Plaintiff's mental impairments and finding none to be severe, based upon her activities of daily living and findings in examinations). While there is some dispute among the courts, "a number of courts have held that jobs with DOT reasoning levels of two or three are compatible with limitations to simple and low stress work." *McCusker v. Comm'r of Soc. Sec.*, 2014 WL 6610025, at *4 (N.D.N.Y. Nov. 20, 2014) (citing *Reynolds v. Comm'r of Soc. Sec.,* 2012 WL 2050410, at *6 (N.D.N.Y. June 6, 2012); *Jones-Reid v. Astrue,* 934 F.Supp.2d 381, 408-09 (D. Conn. 2012), *aff'd,* 515 Fed. Appx. 32 (2d Cir. 2013); *Cross v. Astrue,* 2009 WL 3790177, at *8 (N.D.N.Y. Nov. 12, 2009); *Terry v. Astrue,* 580 F.3d 471, 478 (7th Cir. 2009); *Renfrow v. Astrue,* 496 F.3d 918, 921 (8th Cir. 2007)); *see also Decker v. Comm'r of Soc. Sec.*, 2014 WL 2176960, at *4-5 (N.D.N.Y. May 22, 2014). Significantly, here, the VE specifically recognized these jobs as appropriate for an individual limited to low-stress work. Tr. at pp. 65-66. The ALJ may rely on such testimony from the VE. *Michael C. v. Comm'r of Soc. Sec.*, 2018 WL 4689092, at *4 (N.D.N.Y. Sept. 28, 2018). Especially in light of this

testimony, the Court agrees with the "growing number of courts [that] have held that jobs with DOT reasoning levels of two or three are compatible with limitations to simple, routine work." *Haiss v. Berryhill*, 2019 WL 3738624, at *11 (S.D.N.Y. May 15, 2019), *report and recommendation adopted sub nom. Haiss v. Comm'r of Soc. Sec.*, 2019 WL 5690712 (S.D.N.Y. Nov. 4, 2019).

In addition, as Defendant contends, even if the limitations described prevented Plaintiff from performing the Document Preparer, Microfilming job, the two remaining jobs identified by the VE would still provide a significant number of jobs in the national economy that Plaintiff could perform. Plaintiff argues that "[t]his court has held that there must be at least 10,000 total jobs in the national economy to be considered a significant number. Where, as here, the ALJ established the availability of only 9,996 jobs in the national economy it cannot be said th[at] he came close to the threshold identified by the court in *Hamilton*." Pl.'s Mem. of Law at p. 18 (internal citations omitted). Initially, the Court rejects Plaintiff's assertion that 9,996 does not "c[o]me close" to 10,000. The court in *Hamilton*, in surveying what courts have held to be significant numbers, noted that 4,000 to 5,000 jobs nationally are not significant numbers, and noted that a District of Maine case "estimated that numbers of jobs in the ballpark of 10,000 to 11,000 nationwide have been held significant." *Hamilton v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 223, 231 (N.D.N.Y. 2015) (citing *Vining v. Astrue*, 720 F. Supp. 2d 126, 136 (D. Me. 2010) (internal quotation marks omitted)). *Hamilton* did not set any kind of bright line rule that 10,000 jobs is the threshold for significant; it only found that 5,160 jobs nationally is not significant. *Id.*

In any event, jobs in numbers over 9,000 have been held to be significant. *Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 177-78 (W.D.N.Y. 2018) (finding that 9,046 jobs in the national economy constituted a significant number and noting that "[c]ourts have generally held that what constitutes a 'significant' number is fairly minimal, and numbers similar to those presented here – between 9,000 and 10,000 jobs – have typically been found to be sufficiently 'significant' to meet the Commissioner's burden.") (internal quotation marks omitted) (citations omitted); *see also Hanson v. Comm'r of Soc. Sec.*, 2016 WL 3960486, at *13 (N.D.N.Y. June 29, 2016), *report and recommendation adopted sub nom. Hanson v. Colvin*, 2016 WL 3951150 (N.D.N.Y. July 20, 2016) ("Courts have held that numbers varying from 9,000 upwards constituted 'significant'").

Thus, even if the Court were to find that the ALJ erred in accepting the VE's determination that Plaintiff could perform the Document Preparer, Microfilming job, the other two jobs would still provide significant numbers of jobs in the national economy that Plaintiff could perform. The Court finds that Defendant met his burden of demonstrating that significant numbers of jobs exist in the national economy that Plaintiff can perform.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: December 6, 2019
        Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge